UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DESMOND,                                    Case No. 23-12169

      Plaintiff,                                    F. Kay Behm
v.                                                 United States District Judge

COUNTY OF MONROE, *et al.*,

      Defendants.
_____ /

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT (ECF No. 10)

## I.    PROCEDURAL HISTORY

Plaintiff, Thomas Desmond, filed this civil rights complaint against Monroe County, Troy Goodnough, the Sheriff of Monroe County, and Deputy Sheriff Brian Biegajski. (ECF No. 1). Desmond filed an amended complaint on December 12, 2023, alleging claims of false arrest and false imprisonment, violations of his due process and equal protection rights and a *Monell*[1] claim against Monroe County. (ECF No. 8). On March 8, 2024, Defendants filed a motion to dismiss the amended complaint. (ECF Nos. 10, 11). This matter is fully briefed. (ECF Nos. 13, 14). The court held a hearing on Defendants' motion on July 17, 2024. For the

---

[1] *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978).

reasons set forth below, the court **GRANTS** Defendants' motion to dismiss the amended complaint.

## II.    AMENDED COMPLAINT

Desmond asserts that on February 15, 2022, he was "arraigned on charges of Domestic Violence," and then released on a $500 bond, and with certain bond conditions including not having any contact with the alleged victim."  (ECF No. 8, ¶ 9).  He was placed on GPS tether.  *Id*.  According to the Bail Bond and Conditions Order issued on February 6, 2022, Desmond was ordered not to have any contact with the alleged victim and was not allowed on the premises where the alleged victim resided.  (ECF No. 14-1).[2]  Desmond alleges the court advised that he could return to the marital home to retrieve his personal belongings, so long as the

---

[2] In general, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court's review is limited to the four corners of the pleading at issue.  Fed. R. Civ. P 12(d); *see also Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1139 (W.D. Mich. 2019) (noting that "[i]n general, in deciding a Rule 12(b)(6) motion to dismiss the court is limited to considering only the pleadings") (citing *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011)).  Nonetheless, it is well established that, in some circumstances, a court may consider matters beyond the pleadings without converting the motion to one for summary judgment under Rule 56.  Examples include "any exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).  Here, the Bond Order is a public record and was mentioned in the amended complaint.  Thus, the court may consider in evaluation the motion to dismiss.  Additionally, where a police report is central to the complaint, it may be considered without converting a motion to dismiss to one for summary judgment.  *Eng. v. Williams*, 2009 WL 3698556, at *4 (E.D. Mich. Nov. 3, 2009) (citing *Yeary v. Goodwill Industries–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997)); *see also Curry v. Best*, 2008 WL 2950107, at *7 (E.D. Mich. July 31, 2008).

alleged victim was not present.  (ECF No. 8, at ¶ 10).[3]  Two days earlier, "[o]n

February 13, 2022, the Plaintiff returned to the marital home and retrieved his

personal belongings," after which he returned to his temporary residence and

unpacked his belongings.  *Id*. at ¶¶ 11-12.  According to the police report, on

February 14, 2022, Shanon Desmond (the alleged victim and Desmond's spouse),

reported a bond violation and Deputies Greenwood and Chirillo were dispatched

to her home:

> Shanon advised that she left the listed venue yesterday
> at 1000 hours. Shanon arrived home today at
> approximately 2100 hours and observed the front storm
> door to be damaged. Shanon continued to look around
> the house and observed the side door dead bolt to be
> damaged. Shanon continued downstairs and noticed
> that there were more blankets on the spare bed than
> usual and the bed was made. Shanon believes Thomas
> had stayed the night at the residence due to him
> sleeping with more blankets than were on the bed.
> Shanon advised that Thomas is currently staying at 3176
> Crystal Ct. where his sister lives.
>
> [ECF No. 14-2, PageID.181, Greenwood report].
>
> Shanon is soon to be ex-wife of Thomas Desmond. Upon
> release from Monroe County Jail, Thomas was issued
> bond conditions and the conditions advised Thomas he

---

[3] It is not entirely clear from the amended complaint when Desmond claimed he was told by the court that he could return to the marital home to pick up his belongings.  At the hearing, Desmond's counsel indicated that Desmond was likely told this at the arraignment. Notably, the arraignment took place on February 15, 2022, two days *after* Desmond went to the marital home in violation of the terms of the written Bond Order.

was not to be at the premises Shanon resides at (1412
Winding Way). Also, the bond conditions had a listed
address for Thomas as 1611 Sams Dr., Monroe, MI
48162. I was informed by Deputy Greenwood that
Shanon believed Thomas was living at his sister's
residence located at 3176 Crystal Ct., Lambertville, MI
48144. Deputy Greenwood made contact with Thomas
who was currently at work in Holland, OH. Deputy
Greenwood advised Thomas would be returning back to
the Crystal Ct. address at approximately 0030hrs and
that is where Thomas is currently residing.

[*Id.* at PageId.182, Deputy Chirillo's supplemental
report].

In the amended complaint, Desmond alleges that Monroe County Sheriff's
Deputy Brian Biegajski called Desmond, stating that there was a matter that he
wanted to discuss with him and wanted to know his location." (ECF No. 8, at
¶ 13).  Desmond advised Biegajski that he was at work, and Biegajski stated that
he needed to speak to him and that he would meet Desmond at his temporary
residence.  *Id.* at ¶ 14.  Desmond alleges that he was pulled over on the way to his
temporary residence.  *Id.* at ¶ 15.  After being asked to exit the vehicle to discuss
what happened at his marital home, the "Plaintiff remained silent, and Deputy
Biegajski advised the Plaintiff to [place] his hands behind his back" and placed
Desmond under arrest for an alleged bond violation.  *Id.* at ¶¶ 16-17.  Desmond
alleges that "there was no warrant issued, or notice provided to the Plaintiff that
he had allegedly violated the conditions of his bond."  *Id.* at ¶ 17.  Desmond

4

claims he was placed in a holding cell for two days for the bond violation.  *Id*. at

¶ 18.  He further claims that he presented "sufficient evidence" showing that he

did not have contact with the alleged victim.  *Id*. at ¶ 19.

Two days later, Desmond was arraigned on the alleged bond violation.  *Id*.

at ¶ 20.  The violation was not dismissed and the matter was scheduled for a

hearing on March 22, 2022.  *Id*.  Desmond alleges that at the March hearing his

probation officer advised the prosecutor that the bond violation charge should be

dismissed.  *Id*. at ¶ 21.

## III.   ANALYSIS

### A.   Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), the court "must

construe the complaint in the light most favorable to the [nonmoving party] ...

[and] accept all well-pled factual allegations as true*." League of United Latin Am.*

*Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush*

*Wellman, Inc*., 341 F.3d 559, 562 (6th Cir. 2003).  The complaint must provide "'a

short and plain statement of the claim showing that the pleader is entitled to

relief,' in order to 'give the defendant fair notice of what the ... claim is and the

grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Moreover, the

complaint must "contain[ ] sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677

(2009).

A complaint is subject to dismissal for failure to state a claim if the

allegations, taken as true, show the plaintiff is not entitled to relief, such as "when

an affirmative defense ... appears on its face." *Jones v. Bock*, 549 U.S. 199, 215

(2007) (quotation marks omitted).  A claim has "facial plausibility" when the

nonmoving party pleads facts that "allow[ ] the court to draw the reasonable

inference that the [moving party] is liable for the misconduct alleged."  *Id*. at 678.

However, a claim does not have "facial plausibility" when the "well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct."

*Id*. at 679.  The factual allegations "must do more than create speculation or

suspicion of a legally cognizable cause of action; they must show entitlement to

relief." *League of United Latin Am. Citizens*, 500 F.3d at 527.  Showing

entitlement to relief "requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do."  *Ass'n of Cleveland Fire*

*Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*,

550 U.S. at 555).

In evaluating the allegations in the complaint, the court must be mindful of

its limited task when presented with a motion to dismiss under Rule 12(b)(6).  At

the motion-to-dismiss stage, the court does not consider whether the factual

allegations are probably true; instead a court must accept the factual allegations

as true, even when skeptical.  *See Twombly*, 550 U.S. at 555 (a court must proceed

"on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)"); *id*. at 556 ("[A] well-pleaded complaint may proceed even if it

strikes a savvy judge that actual proof of the facts alleged is improbable"); *see

also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not

countenance ... dismissals based on a judge's disbelief of a complaint's factual

allegations").  Indeed, in assessing the sufficiency of a complaint, the court must

determine only whether "'the claimant is entitled to offer evidence to support the

claims,' not whether the plaintiff can ultimately prove the facts alleged."  *See

United States v. SouthEast Eye Specialists, PLLC*, 570 F. Supp. 3d 561, 574 (M.D.

Tenn. 2021) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

    B.    <u>Fourth Amendment/False Arrest/False Imprisonment (Counts I-IV)</u>

Desmond's claims of false arrest and false imprisonment, which arise under

the Fourth Amendment, require a plausible allegation that probable cause for his

arrest was lacking.  *Gorcaj v. Medulla*, 51 F. App'x 158, 159 (6th Cir. 2002) (stating

that "a section 1983 claim based on theories of false arrest, false imprisonment, and malicious prosecution stands on the Fourth Amendment"); *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009) (stating that "[a] person who has been the victim of an unlawful arrest or wrongful seizure under the color of law has a claim based on the Fourth Amendment guarantee that government officials may not subject citizens to searches or seizures without proper authorization").  And claims for false arrest and false imprisonment fail when there is probable cause to support the arrest.  *Frantz v. Village of Bradford*, 245 F.3d 869, 873 (6th Cir. 2001) (Section 1983 claims based on theories of false arrest/false imprisonment or illegal seizure derive from the Fourth Amendment and turn on the question of probable cause.); *Stemler v. City of Florence*, 126 F.3d 856, 871-72 (6th Cir. 1997) (finding the existence of probable cause for arrest forecloses false arrest claims); *Ingram v. Columbus*, 185 F.3d 579, 592-93 (6th Cir. 1999) (internal citations omitted) (To constitute an unreasonable seizure in violation of the Fourth Amendment, an arrest must be made without probable cause).  The same is true for Desmond's state law claims for false arrest and false imprisonment.  *See Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 18 (2003) ("To prevail on a claim of false arrest or false imprisonment, a plaintiff must show that the arrest was not legal,

8

i.e., the arrest was not based on probable cause.  If the arrest was legal, there has

not been a false arrest or a false imprisonment.").

Defendants argue that Desmond's amended complaint fails to assert

sufficient factual support for the claim that Biegalski lacked probable cause to

arrest him on the bond violation.  More specifically, while Desmond claims he was

advised by the court that he was permitted to enter the marital home as long as

the alleged victim was not present, he does not allege what date the court

allegedly advised him of this.  Thus, according to Defendants, the amended

complaint does not contain sufficient facts to plausibly allege that Desmond had

permission from the court to enter the marital home prior to February 13, 2022.

According to Defendants, based on the pleadings, it seems Desmond was

allegedly advised by the court during the February 15, 2022, hearing that he could

enter the home under certain circumstances.  Defendants also point out that the

amended complaint does not indicate whether the alleged victim was present.

Thus, according to Defendants, Desmond has failed to allege sufficient facts to

support his assertion that he was not in violation of his bond conditions on

February 13, 2022—when he admittedly entered the home.  Additionally, as

outlined in the police report, Desmond was required under the Bail & Bond Order

to notify the court in writing of any change of address.  Shanon Desmond

indicated that Desmond was residing with his sister on Crystal Court, not the

address he provided to the court on Sams Drive.  Desmond also confirmed that he

was staying at the home on Crystal Court when he spoke with Deputy

Greenwood.  (ECF No. 14-2, PageID.181).

Probable cause is not a "high bar."  *Lester v. Roberts*, 986 F.3d 599, 608 (6th

Cir. 2021) (citing *Kaley v. United States*, 571 U.S. 320, 338 (2014)).  It "does not

require the same type of specific evidence of each element of the offense as

would be needed to support a conviction" beyond a reasonable doubt.  *Id*.

(quoting *Adams v. Williams*, 407 U.S. 143, 149 (1972)).  Instead, "[i]t 'requires only

a probability or substantial chance of criminal activity, not an actual showing of

such activity.'"  *Id*. (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018))

(citation omitted).  The law in this circuit establishes that "[a]n eyewitness

identification—standing alone—is sufficient to establish probable cause unless

the officer has some reason to believe at the time of the arrest that the

eyewitness is lying or mistaken."  *Thomas v. Noder-Love*, 621 F. App'x 825, 832

(6th Cir. 2015) (citing *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999)); *see also*

*Thacker v. City of Columbus*, 328 F.3d 244, 257 (6th Cir. 2003) (explaining that a

victim's accusations alone without a statement from the accused was sufficient

for probable cause).  Here, Shanon Desmond's statements that Desmond was

present at her home along with the evidence that Desmond failed to update his

address with the court provide probable cause for the bond violation arrest.

Desmond's claim that he was told at his arraignment that he could return to the

marital home to pick up his belongings does not change this result.  As noted

above, Desmond claims the court told him he could return to the marital home at

his arraignment, which occurred on February 15, 2022, *after* he went to the

marital home in violation of the terms of the written Bond Order.  Thus, his

reliance on this alleged verbal direction from the state court is misplaced; and in

any event, is contrary to the terms of the written order.  Finally, Desmond's

argument that there was no probable cause because there was no judicial finding

or prosecutorial determination that he violated the terms of his bond is without

merit because no such finding is required to support probable cause and

Desmond offers no case law suggesting otherwise.  Given that Desmond's arrest

was supported by probable cause, Defendants are entitled to dismissal of Counts

I-IV.

C.      Equal Protection – Count VI[4]

Desmond asserts a "class of one" claim under the Equal Protection Clause in Count VI of the amended complaint.  The Equal Protection Clause prohibits purposeful discrimination in the enforcement of laws.  Discrimination is purposeful "if it is intended to accomplish some forbidden aim."  *Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000).  One such "forbidden aim" is the selective enforcement of laws.  To establish such a claim, the plaintiff must prove (1) that a particular official has singled out a person belonging to an identifiable group and (2) that this same official initiated a prosecution with a discriminatory purpose.  *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991).  Additionally, there must be a pattern of disparate treatment.  *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977); *City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 194 (2003).

Defendants argue that the amended complaint is devoid of any factual support for Desmond's class of one equal protection claim.  Desmond does not respond to this argument and thus, has conceded that dismissal is appropriate. *Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 F. App'x 567, 569

---

[4] Desmond's amended complaint skips Count V.

(6th Cir. July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"); *Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (stating that the district court "correctly noted ... that [plaintiff] abandoned [certain] claims by failing to raise them in his brief opposing the government's motion to dismiss the complaint"); *PNC Bank, Nat'l Ass'n v. Goyette Mech. Co.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015) ("A plaintiff abandons undefended claims."); *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) (stating that where a plaintiff fails to respond to an argument in a motion to dismiss, "the Court assumes he concedes this point and abandons the claim").  Accordingly, the court grants Defendants' motion to dismiss Count VI.

    D.    <u>Due Process – Count VII</u>

In Count VII, Desmond claims that his due process rights were violated when Defendants arrested him and jailed him on a false claim.  To the extent Desmond brings a procedural due process claim, he has failed to plead that he lacks an adequate state remedy that comports with procedural due process. *Braley v. City of Pontiac*, 906 F.2d 220, 225 (6th Cir. 1990) (citing *Parratt v. Taylor*, 451 U.S. 527 (1981) and *Wilson v. Beebe*, 770 F.2d 578 (6th Cir. 1985) (en banc)). In *Braley*, the Sixth Circuit concluded that Michigan law permitted tort actions for

false arrest, false imprisonment, and malicious prosecution and thus provided

adequate post-deprivation redress.  *Id*. at 225; *see also Fisher v. City of Detroit*, 4

F.3d 993, *3 (Table) (6th Cir. 1993) ("[T]he state actions for false arrest and false

imprisonment adequately address [the plaintiff's due process] concerns.").  Thus,

the procedural due process claim was barred by *Parratt*.  The present case is

indistinguishable and thus, Desmond's procedural due process claim fails.

To the extent Desmond brings a substantive due process claim, it fares no

better.  The Supreme Court has made it clear that if a constitutional claim is

covered under a specific constitutional provision, it must be analyzed under that

standard, and not under the rubric of due process.  *Graham v. Connor*, 490 U.S.

386 (1989).  Indeed, such duplicative claims are forbidden in this Circuit:

> Accordingly, the district court held, substantive due
> process was not the proper vehicle for raising the same
> issue.  That conclusion finds support in *United States v.
> Lanier*. There, the Supreme Court explained that "if a
> constitutional claim is covered by a specific
> constitutional provision, such as the Fourth or Eighth
> Amendment, the claim must be analyzed under the
> standard appropriate to that specific provision, not
> under the rubric of substantive due process."  520 U.S.
> 259, 272 n.7 (1997).  We have said the same with
> respect to malicious prosecution claims specifically: they
> should be pursued by way of the Fourth Amendment,
> not the Due Process Clause of the Fourteenth
> Amendment .... Our precedent forbids him from
> duplicating those claims by repackaging them as matters
> of substantive due process.

*Carnes v. Hall*, 665 F. Supp. 3d 831, 842 (E.D. Ky. 2023) (quoting *Davis v. Gallagher*, 951 F.3d 743, 752 (6th Cir. 2020)).  As such, Desmond's claims for false arrest and false imprisonment fall under the Fourth Amendment and a claim made under the due process clause for the same actions is not available.  Dismissal of Desmond's due process claim, is therefore, warranted.

Desmond's assertion in his response that Biegalski failed to comply with Mich. Comp. Laws § 764.15e does not save his claim.  First, Desmond fails to make this claim anywhere in his amended complaint and cannot raise this issue for the first time in response to a motion to dismiss.  *See e.g.*, *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 666 (6th Cir. 2012) ("As the district court rightly pointed out, a plaintiff may not expand his claims to assert new theories for the first time in response to a summary judgment motion."); *Faber v. Smith*, 2018 WL 6918704, at *2 (6th Cir. June 6, 2018), reh'g denied (June 28, 2018) ("Faber, however, did not raise any of these claims in the district court until he filed responses to Smith's motion to dismiss.  A plaintiff cannot raise new legal claims in response to a dispositive motion filed by the defendant."); *Richter v. Seterus, Inc.*, 2016 WL 8200520, at *2 (E.D. Mich. May 16, 2016) ("A response to a motion to dismiss is the improper forum for asserting a new claim.").  Second, a violation of state law does not support a claim under § 1983.  *Otworth v.*

*Vanderploeg*, 61 F. App'x 163, 166 (6th Cir. 2003) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)); *see also Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (explaining that § 1983 claims concern violations of constitutional or federal rights, not violations of state laws or policies).  Accordingly, the due process claim still fails.

E.      *Monell* Claim (Count VIII)

Desmond sues Monroe County and the individual Defendants in their official capacity.  "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Courts within the Sixth Circuit consistently dismiss official-capacity claims against municipal officials that are duplicative of claims asserted by the plaintiff against the municipal entity itself.  *See e.g.*, *Cavanaugh v. McBride*, 33 F. Supp. 3d 840, 848-49 (E.D. Mich. 2014) ("[B]ecause Cavanaugh has raised claims against Otsego County, the claims against [the county's sheriff and undersheriff] in their official capacities are duplicative and will be dismissed."), aff'd (6th Cir. 14-1155, Dec. 12, 2014); *Swartz Ambulance Serv., Inc. v. Genesee Cnty.*, 666 F. Supp. 2d 721, 726 (E.D. Mich. 2009) ("[C]laims brought against Genesee Board of Commissioners and individual Commissioners pursuant to 42 U.S.C. § 1983 are duplicative of the claim against Genesee County because official

capacity suits are the equivalent of a suit against the municipality.  Accordingly, the Court dismisses the Board and individual Commissioners from those claims under 42 U.S.C. § 1983.") (internal citation omitted); *Scott v. Louisville/Jefferson Cnty. Metro Gov't*, 503 F. Supp. 3d 532, 541-42 (W.D. Ky. 2020) (finding that "dismissal of official-capacity claims is permitted and judicious when the reasonable entity is also named as a defendant in the case.") (citation omitted). This practice has been upheld by the Sixth Circuit.  *See e.g.*, *Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 509 (6th Cir. 1996) ("We will [ ] affirm the dismissal of the official capacity claims against [three municipal officials] because a suit against an official of the state is treated as a suit against the municipality."); *Faith Baptist Church v. Waterford Twp*., 522 F. App'x 322, 328 (6th Cir. 2013) ("Plaintiffs' claims against Bedell in his official capacity were properly dismissed because they were in actuality claims against the Township of Waterford, which is itself a defendant."); *Foster v. Michigan*, 573 F. App'x 377, 389-90 (6th Cir. 2016) ("Where the entity is named as a defendant, an official-capacity claim is redundant.").  Accordingly, the court dismisses all official capacity claims against the individual Defendants as duplicative of the claims against Monroe County.

In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 700-01 (1978), the Supreme

Court held that municipalities are "persons" subject to suit under § 1983.

However, such a claim may only be brought when "execution of a government's

policy or custom, whether made by its lawmakers or by those whose edicts or

acts may fairly be said to represent official policy, inflicts the injury that the

government as an entity is responsible under § 1983." *Id.* at 694.  The Sixth

Circuit has instructed that, to satisfy the requirements of *Monell*, a plaintiff "must

identify the policy, connect the policy to the city itself and show that the

particular injury was incurred because of the execution of that policy." *Garner v.*

*Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (internal citations and

quotations omitted).  There are four ways a plaintiff may prove the existence of a

municipality's illegal policy or custom: "(1) the existence of an illegal official policy

or legislative enactment; (2) that an official with final decision making authority

ratified illegal actions; (3) the existence of a policy of inadequate training or

supervision; or (4) the existence of a custom of tolerance or acquiescence of

federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Defendants argue that the amended complaint contains no factual

allegations regarding any policies or practices that he claims are unconstitutional.

In response, Desmond contends that the failure to train is evidenced by

Biegalski's failure to properly handle the bond violation by filing a formal

complaint, rather than proceeding to arrest.  However, this claim was not

articulated in the amended complaint and thus, is not viable.  *See Desparois*, 455

F. App'x at 666.

Moreover, Desmond's theory is based on a single incident, which is not

sufficient to support a failure-to-train claim under *Monell*.  To succeed on a

failure-to-train claim, a plaintiff must show: "(1) the training or supervision was

inadequate for the tasks performed; (2) the inadequacy was the result of the

municipality's deliberate indifference; and (3) the inadequacy was closely related

to or actually caused the injury."  *Howell v. NaphCare*, Inc., 67 F.4th 302, 319 (6th

Cir. 2023) (quoting *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist*., 455 F.3d

690, 700 (6th Cir. 2006)).  Regarding the second prong, a plaintiff most commonly

demonstrates a municipality's deliberate indifference by pointing to a failure to

act "in response to repeated complaints of constitutional violations by its

officers."  *Id*. (quoting *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 287 (6th

Cir. 2020)).  But a plaintiff can rely on a single incident to establish liability in a

narrow range of circumstances "if the risk of the constitutional violation is so

obvious or foreseeable" that it amounts to deliberate indifference for the

municipality to fail to prepare its officers for it.  *Id.*  Desmond has not pointed to

any prior similar constitutional violations; thus he has not plausibly alleged a failure to train under the first method.  *See Miller v. Sanilac Cnty*., 606 F.3d 240, 255 (6th Cir. 2010) (quoting *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005)) (A failure-to-train claim requires a showing of "prior instances of unconstitutional conduct demonstrating that the [municipality] ha[d] ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.").  Further, Desmond does not point to any allegations in the amended complaint giving rise to a plausible inference that the need for training to avoid incidents like his arrest for a bond violation was so "obvious" that any failure to provide such training would have amounted to deliberate indifference.  *See Linden v. City of Southfield, Michigan*, 75 F.4th 597, 606 (6th Cir. 2023).  Accordingly, he has failed to plausibly allege a failure to train claim and this count must be dismissed for this additional reason.

     F.    <u>Request for Attorney Fees under § 1988</u>

     Defendants seek attorney fees under 42 U.S.C. § 1988, claiming that this action was frivolous.  If Defendants seek an award of fees and costs, they must file a separate motion, including all the required supporting documentation of fees and citations to substantive law.  *Vensor v. Gen. Motors, LLC*, 2023 WL 6519269, at *3 (E.D. Mich. Oct. 5, 2023); *Mejia v. Holt Pub. Sch*., 2002 WL 1492205, at *7

(W.D. Mich. Mar. 12, 2002) ("While an award of attorney fees may be made to

prevailing defendants under 42 U.S.C. § 1988, Defendants should file a separate

motion and brief explaining why they believe they are entitled to fees in this

case.").  Accordingly, the request for attorney fees is denied without prejudice.

## IV.    CONCLUSION

For the reasons set forth above, the court **GRANTS** Defendants' motion to

dismiss the amended complaint.

**SO ORDERED**.

Date: July 18, 2024                              s/F. Kay Behm
                                                 F. Kay Behm
                                                 United States District Judge