UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DESMOND,                              Case No. 23-12169

    Plaintiff,                              F. Kay Behm
v.                                           United States District Judge

COUNTY OF MONROE, *et al.*,

    Defendants
_____ /

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES, SANCTIONS AND COSTS (ECF No. 18)**

**I.  PROCEDURAL HISTORY**

The court previously granted Defendants' motion to dismiss the amended complaint in its entirety under Rule 12(b)(6).  (ECF No. 16).  More specifically, the court concluded that Plaintiff's Fourth Amendment claims found in Counts I-IV were lacking a plausible allegation that there was no probable cause to support the arrest of Plaintiff.  *Id.* at PageID.203-207.  The court dismissed the Equal Protection claim because Plaintiff conceded that it was without merit by failing to respond to Defendant's arguments.  *Id.* at PageID.208-209.  As to Plaintiff's procedural due process claim, the court found the complaint failed to plead a lack of an adequate state remedy that comports with due process.  *Id*. at PageID.209-

1

210. And as to Plaintiff's substantive due process claim, the court concluded that failed because it fell under a more specific constitutional provision – the Fourth Amendment. *Id.* at PageID.210-211. Finally, the court held that Plaintiff's *Monell* failure-to-train claim failed, among other reasons, because he only alleged a single incident and not a pattern of violations, and his allegations did not meet the bar for a single-incident failure-to-train claim. *Id*. at PageID.212-216.

Defendants now bring a motion for sanctions, seeking costs and attorney fees under 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Fed. R. Civ. P. 54. (ECF No. 18). Plaintiff has filed a response opposing the motion. (ECF No. 19). And Defendants filed a reply in support of their motion. (ECF No. 20). The court finds that oral argument is not necessary, pursuant to Local Rule 7.1(f). E.D. Mich. L.R. 7.1(f)

## II.     ANALYSIS

### A.     Attorney Fees and Sanctions

The award of fees to a prevailing defendant under § 1988 is entrusted to the court's sound discretion, but "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Blick v. Ann Arbor Pub. Sch. Dist.*, 674 F. Supp. 3d 400, 438 (E.D. Mich. 2023), aff'd, 105 F.4th 868 (6th Cir. 2024) (quoting *Jones v. Cont'l. Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986) (citing *Christiansburg Garment*

2

*Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978)).  As the Supreme Court explained in *Christiansburg*:

> In applying these criteria, *it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation*. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.
>
> ... Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

434 U.S. at 421 (emphasis added).  In accordance with *Christiansburg*, the Sixth Circuit allows an award of attorney fees "to a prevailing defendant in civil rights action only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'"  *Baker*

*v. Windsor Republic Doors*, 414 F. App'x 764, 780 (6th Cir. 2011) (quoting *Christiansburg*, 434 U.S. at 421).

While Plaintiff's complaint was dismissed in its entirety at the motion to dismiss stage for failure to state a claim, the court cannot conclude that Plaintiff's action "was frivolous, unreasonable, or without foundation.'" *Baker*, 414 F. App'x at 780 (quoting *Christiansburg*, 434 U.S. at 421). Plaintiff maintains that he was given permission by the state court to enter his marital home and thus his arrest was unlawful, and most of his claims flow from this premise. Merely because the sequence of events in the amended complaint were unclear and as clarified at the hearing, found to not support Plaintiff being given such permission before he entered the marital home does not suggest to the court that his claims were "frivolous, unreasonable, or without foundation." This is the kind of "hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christiansburg*, 434 U.S. at 421. Instead, this seems to the court to be a run-of-the-mill dismissal for failure to state a claim on which relief may be granted, rather than one that rises to the level of "frivolous, unreasonable, or without foundation." For these reasons, the motion for attorney fees under § 1988 is denied. *See Blick*, at 438-439 (Attorney fees under § 1988 denied where most of plaintiff's claims were dismissed at

4

motion to dismiss stage or were voluntarily dismissed after defendants' motion for more definite statement and two claims were denied at summary judgment stage).

The request for sanctions under § 1927 is similarly unwarranted. As explained in *Scott v. Bank of Am., N.A.*, 2022 WL 4587839, at *12 (E.D. Mich. Sept. 29, 2022), where a complaint is dismissed under Rule 12(b)(6) at an early stage, sanctions under § 1927 are not warranted. "Since the plain language of the statute ... penalizes [only] attorneys who vexatiously and unreasonably 'multiply' proceedings, [c]ourts generally do not impose sanctions under 28 U.S.C. § 1927 based on the filing of an initial complaint that turns out to be meritless." *Beverly v. Shermetta Legal Grp.*, 2020 WL 2556674, at *1 (E.D. Mich. May 20, 2020); *see also Schmitzer v. Cnty. of Riverside*, 26 F. App'x 701, 703 (9th Cir. 2002) (finding that plaintiff's counsel "caused only a single additional proceeding—summary judgment," which, because it "resolved the underlying dispute" and "brought the case to a conclusion," did not "multiply" the proceedings"); *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 65 (1st Cir. 2008) (explaining that "multiply" involves conduct that "has an effect on an already initiated proceeding" and, therefore, joining "an unbroken band of cases across the courts of appeals holding that a lawyer cannot violate section 1927 in the course of commencing an action"); *BAC*

*Home Loans Servicing, L.P. v. Wells Fargo*, *N.A.*, 2013 WL 1147761, at *5 (E.D. Mich. March 19, 2013) (finding that plaintiff's counsel did not unreasonably "multiply" the proceedings when plaintiff presented a claim that was determined not to be frivolous, the motion practice was "relatively succinct," and "there was no evidence of abusive conduct, such as prolonged discovery that yielded no evidence").  Similarly, here the court finds that Plaintiff's counsel did not unreasonably multiply the proceedings merely by bringing the action and defending a motion to dismiss under Rule 12(b)(6).  That the complaint turned out to fail to state a claim, without more, is not sufficient to award sanctions under § 1927.  *See Scott*, *supra*; *Beverly*, *supra*.

    B.    <u>Costs</u>

Defendants also ask for costs to be taxed under Rule 54(d).  However, a bill of costs must be submitted within 28 days of entry of judgment.  While this motion was filed within that 28 day period, Defendants did not submit a bill of costs in accordance with Local Rule 54.1.  E.D. Mich. L.R. 54.1 ("A party seeking costs must file a bill of costs no later than 28 days after the entry of judgment. The clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the Court's web site.").  Accordingly, costs are denied.

**III.     CONCLUSION**

For the reasons set forth above, the court **DENIES** Defendants' motion for sanctions.

**SO ORDERED**.

Date: January 31, 2025                             s/F. Kay Behm
                                                              F. Kay Behm
                                                              United States District Judge